**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| 800 ADEPT, INC., a Florida corporation | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 5:07cv57-DF |
| v. | ) |
| | ) Jury Trial Demanded |
| ENTERPRISE RENT-A-CAR COMPANY, *et al.*; | ) |
| | ) |
| | ) |
| Defendants-counterplaintiffs. | ) |

**DEFENDANTS' MOTION TO ENFORCE LOCAL PATENT RULES 3-1 AND 3-2**

## I.    INTRODUCTION.

Plaintiff accuses Defendants' "geographic call routing services" of infringing U.S. Patent Nos. RE 36,111 ("'111 patent") and 5,805,689 ("'689 patent"). Dkt. 110 at ¶¶ 25, 31. Defendants[1] now move the Court to enforce Rules 3-1 and 3-2 of the Patent Local Rules of the Eastern District of Texas (Appendix M to the Local Rules) ("Patent Rules"). The Patent Rules require Plaintiff to serve Preliminary Infringement Contentions ("PICs") prior to discovery that (1) specifically identify Accused Instrumentalities for its infringement claims and (2) set forth, in Plaintiff's view, how those Accused Instrumentalities meet each claim element of each asserted claim of the '111 and '689 patents. *See* Patent Rule 3-1(a)-(c).

Plaintiff's PICs do not satisfy these requirements. Instead, they repeat the same boilerplate for each of the seventeen Defendants. Exs. 2-18. Plaintiff's infringement claims are further based on suppositions and hypotheticals regarding how "one of ordinary skill in the art" might "***normally***" implement a system that meets the '111 and '689 patents' claim elements. *Id.*

---

[1] The moving "Defendants" are all Defendants except for Patriot Communications LLC, which has not appeared but which is moving to dismiss for improper venue.

(emphasis added, every PIC, every element). Allegations about hypothetical systems are not infringement contentions, however. Nor are they relevant to the required infringement contentions. Nor is what "one of ordinary skill in the art" might do relevant. Plaintiff has sued seventeen real Defendants, which operate in widely-different fields using different systems and services. Plaintiff's boilerplate PICs do not explain Plaintiff's grounds for suit.

Plaintiff's defense for its failure to provide proper PICs—to the extent that it offers one—is that it purportedly needs discovery from Defendants to identify Accused Instrumentalities or explain why it filed suit against Defendants. Exs. 20, 23. To the extent that lack of discovery is ever a legitimate excuse for a failure to provide the basis for a lawsuit, it is no excuse here. Plaintiff already has, or could readily locate, extensive information regarding Defendants' systems. Yet, these public materials are not cited or discussed in its PICs.

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit[.]" *Connectel LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 527 (E.D. Tex. 2005). "Specific theories create a specific trajectory for the case," reducing expense and governing discovery. *Id.* (discussing Patent Local Rule 3-1). Plaintiff's failure to comply with the Patent Rules threatens to derail this case from the outset, and prejudices Defendants' ability to defend themselves in this lawsuit or even evaluate Plaintiff's claims.  Moreover, it is impossible for Defendants to know with certainty which documents are relevant for their upcoming productions and disclosures under Patent Rules 3-3 and 3-4, which are due on December 11, 2007.

Plaintiff's refusal to follow the Patent Rules is cause for this Court to strike its PICs. Alternatively, Plaintiff should be held to its defective contentions and barred from expanding the scope of this case or asserting new infringement claims. Defendants should not face a constantly-shifting set of infringement contentions or be subjected to a fishing expedition.

## II.    BACKGROUND.

### A.    <u>Legal Standards.</u>

"In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." *View Eng'g, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (discussing FED.R.CIV.P. 11); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-1302 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."); *Antonious v. Spalding & Evenflo Companies, Inc.,* 275 F.3d 1066, 1072 (Fed. Cir. 2002) (same).

The Patent Rules accord with Federal Circuit law and require patentees "to disclose their preliminary infringement contentions before discovery has even begun." *Connectel*, 391 F.Supp. 2d at 527 (quoting *Am. Video Graphics, L.P. v. Electronic Arts, Inc.,* 359 F.Supp.2d 558, 560 (E.D.Tex. 2005)). *See also Fenner Invests. v. Juniper Networks, Inc.*, 236 F.R.D. 309, 310 (E.D.Tex. 2006); *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp. 2d 754, 755 (E.D.Tex. 2004). A patentee must identify each "Accused Instrumentality" that is subject to its patent infringement claims in a manner that is "as specific as possible." Patent Rule 3-1(b). A patentee must also set forth its infringement contentions and explain with specificity how each Accused Instrumentality satisfies every element of every asserted patent claim. Patent Rule 3-1(c).

PICs may be amended based on discovery only where the patentee demonstrates "good cause" for the amendment. Patent Rule 3-6(b). The remedies for failing to comply with Patent Local Rule 3-1 include striking infringement contentions, ordering supplementation, and barring amendment. *See, e.g., Williams Wireless Techs., Inc. v. RIM Corp.*, 2007 WL 1932806, *1-*2

(E.D.Tex. 2007) (Bush, M.J.) (striking certain infringement contentions and limiting others); *Softvault Systems, Inc. v. Microsoft Corp.*, 2007 WL 1342554, \*2 (E.D. Tex. 2007) (denying motion to amend PICs where information should have been included in original PICs); *Connectel*, 391 F.Supp.2d at 527-529 (requiring supplementation); *STMicroelectronics*, 308 F.Supp.2d at 756 (denying motion to supplement).

### B.   Plaintiff's Preliminary Infringement Contentions ("PICs").

Plaintiff's '111 and '689 patents concern systems and methods relating to geographic call routing. Geographic call routing systems predate Plaintiff's patents, and allow companies with multiple store locations to advertise a single telephone number and route calls based on the geographic location of the caller. For instance, a pizza delivery company with store locations nationwide may advertise the number 1-800-MYPIZZA (a hypothetical number) in nationwide advertising. A geographic call routing system would seek to route a caller located in Texarkana who dialed 1-800-MYPIZZA to a local Texarkana pizza store that delivers to the caller's address.[2]

Plaintiff served its PICs on October 23, 2007. Although there is some variation in which specific patent claims are asserted against Defendants, the substance of Plaintiff's contentions in its PICs is identical for all seventeen Defendants. Exs. 1-18. For example, the following redline compares Plaintiff's PICs for Defendant Jenny Craig, Inc. ("Jenny Craig"; Ex. 10) and McLeodUSA Telecommunications Service, Inc. ("McLeod"; Ex. 12) for the first three limitations of claim 17 of Plaintiff's '111 patent (aside from the preamble).

---

[2] Several Defendants were purchasing, using, or providing sophisticated geographic call routing systems well before Plaintiff filed for its patents. These prior art routing systems, and other prior art routing systems, were not considered by the Patent Office in the prosecution of the '111 or '689 patents or raised prior litigation involving these patents.

| **Plaintiff's '111 Patent** | **Redline of PICs for McLeod and Jenny Craig** |
|---|---|
| means for allocating individual latitude and longitude coordinates to each originating telephone number of all potential first parties; | The system ~~provided~~ used by ~~McLeodUSA~~ Jenny Craig ~~uses a database to allocate~~ allocates the ~~potential~~ caller's ANI (Automatic Number Identification) to latitude and longitude coordinates. A person having ordinary skill in the art would normally provide this functionality using readily available, programs, data bases, tables or other instrumentalities that convert telephone numbers to addresses, ZIP codes, ZIP+4 codes or other location identifiers. A well known example of this is a reverse telephone directory. Addresses, ZIP codes and ZIP+4 codes may then be geocoded to latitudes and longitudes using geographic information systems (GISs), geocoding data bases or other instrumentalities such as ESRI and MapInfo. |
| means for defining the boundaries of one or more geographical areas which can be of any size and shape according to predetermined criteria, each point along said boundaries being defined by latitude and longitude coordinates; | ~~McLeodUSA works with the customer to define~~ Jenny Craig defines geographic areas using predetermined criteria. A person having ordinary skill in the art would normally provide this functionality using readily available programs or manual means to define boundaries with latitudes and longitudes. Examples of programs and manual means include GIS and physical overlay mapping. |
| means for assigning to each originating telephone number of said potential first parties a telephone number of a service location of a second party that will receive calls originating from within the boundary of a geographic area defined by said means for defining in which the individual latitude and longitude coordinates of the specific location of each of said potential first parties lie; | The system ~~provided by McLeodUSA~~ used by Jenny Craig ~~uses a database to assign~~ assigns the telephone number of the appropriate Jenny Craig service location ~~of the customer~~ to the telephone number of the caller. A person having ordinary skill in the art would normally provide this functionality using readily available programs that determine whether a point lies within a boundary. Examples of such programs are GISs. The GIS programs use "point-in-polygon" (PIP) algorithmic techniques such as ray casting or winding numbers. The telephone number of the service location of the second party is associated with each geographic boundary is included with other data about the geographic area within the GIS or similar program. Once the PIP technique has identified which geographic area the latitude and longitude of |

| | the first party lies within, a union is made between the telephone number of the first party and the telephone number of the service location of the second party. |
|---|---|

McLeod is a telecommunications company that provides geographic call routing services. Jenny Craig is a weight loss company and is not a McLeod customer for geographic call routing. Yet, Plaintiff's contentions as to each are essentially identical. A comparison of Plaintiff's PICs for each Defendant accused of infringing the same patent claim(s) shows the same degree of overlap and duplication. *See* Exs. 2-18.

## C.    Plaintiff's History With Defendants, And Plaintiff's Prior Lawsuit.

Plaintiff has had a long history of interactions with many Defendants. McLeod and Plaintiff did business between 1996 and 2002; Vail Systems, Inc. ("Vail") and Plaintiff had a business relationship between 1993 and 2004; and Enterprise Rent-A-Car and Plaintiff had a business relationship between 1995 and 2002. Moreover, after threatening various companies (including some Defendants) with patent infringement claims for years, Plaintiff filed its first patent infringement lawsuit in November 2002 against Targus Information Corporation ("Targus") and West Corporation ("West") in its home venue of the Middle District of Florida ("Florida lawsuit"). Neither Targus nor West are Defendants in this lawsuit.

The Florida lawsuit involved several Defendants as third-party witnesses.  In connection with Plaintiff's claims and/or Targus' counterclaims, Plaintiff received the following discovery, significant portions of which were placed into the public record during trial or as part of pre- or post-trial briefing:

a.    Discovery regarding the Targus systems used in connection with geographic call routing.

b.    Discovery regarding West. Current Defendants Budget Rent-A-Car Systems, Inc. ("Budget") and Jenny Craig are customers of West and Targus.

     c.     Document discovery and a deposition under FED.R.CIV.P. 30(b)(6) of McLeod regarding McLeod's geographic call routing systems, including systems purchased by other Defendants (*e.g.*, Defendant Farmers Group, Inc.).

     d.     Document discovery and a deposition under FED.R.CIV.P. 30(b)(6) of Vail regarding the operation of Vail's geographic call routing systems.

     e.     Document discovery and a deposition under FED.R.CIV.P. 30(b)(6) of Defendant Patriot Communications LLC ("Patriot").

     f.     Document discovery from Defendant Enterprise Rent-A-Car, Inc.

     g.     Documentation from Plaintiff's own files regarding the systems used by several Defendants, including Vail, McLeod, Patriot, *et al*.

     h.     Documents identifying customers for Targus' and/or West's services.

Plaintiff never sought to include any of the current Defendants in its infringement claims in the Florida lawsuit. After nearly four years of discovery, the Florida lawsuit was tried to a jury in September and October of 2006. The jury found for Plaintiff in all relevant respects. On April 12, 2007, the Florida Court entered final judgment in Plaintiff's favor. Targus' and West's appeal is pending before the Federal Circuit.

On April 10, 2007, before the Florida Court entered final judgment in Plaintiff's favor, Plaintiff filed this lawsuit. Dkt. 1. Plaintiff filed an Amended Complaint on August 1, 2007. Dkt. 110. Plaintiff's Amended Complaint alleges that every Defendant in this lawsuit makes, uses, offers for sale, or sells "geographic call routing systems" that practice every element of Plaintiff's '111 and '689 patents. *See, e.g.*, Dkt. 110 (Amended Complaint) at ¶¶ 25 & 31.

    **D.**    <u>**Defendants' Efforts To Resolve This Dispute.**</u>

On November 2 and 5, 2007, Defendants advised Plaintiff that its infringement contentions were inadequate and asked Plaintiff to supplement the contentions to mitigate the prejudice to them. Ex. 19.  Several exchanges and conferences followed. *See, e.g.,* Exs. 20-24; *see also* Certificate of Conference. On November 20, 2007, about one month ***after*** its PICs were

due, Plaintiff sent a letter listing four Targus services that purportedly relate to its infringement claims against Defendants. Ex. 23 at 1 (identifying "IntelliRouting Express, Location Express, OnDemand Telepass, and OnDemand LocationId"). Plaintiff did not provide new or amended PICs, however, for these newly-identified systems—or any other system. *Id.* Plaintiff has also recently served discovery, including nonparty discovery, regarding these four Targus services. *See, e.g.,* Ex. 25.

Targus is not a party to this lawsuit. None of the four Targus services identified in Plaintiff's November 20 letter are mentioned in Plaintiff's PICs. Plaintiff's November 20 letter no more than identifies certain Targus services and does not tie any of those services to individual defendants or explain how any alleged purchase or use of these Targus systems by any of the Defendants infringes Plaintiff's patents or constitutes an Accused Instrumentality of Defendants, as required in Patent Rule 3-1. Ex. 23. Moreover, two of the four identified Targus services (Targus' "OnDemand" services) post-date Plaintiff's filing of this lawsuit and are directly at issue in a new lawsuit in the Middle District of Florida, which is currently pending before the same Magistrate Judge and Judge who heard Plaintiff's prior Florida lawsuit. *See Targus Information Corporation v. 800 Adept, Inc.*, Cause No. 6:07-cv-0122-PCF-DAB (M.D. Fla.). Plaintiff previously indicated that Targus' OnDemand services are not at issue in this lawsuit (*see* Dkt. 121 at 3-4[3]) and the Florida Court has held that Plaintiff's claims against the OnDemand services are properly before it. Ex. 28 at 7.

---

[3] Plaintiff made these arguments in its surreply brief (Dkt. 121) in response to Defendants' claim that this case should be stayed because of Targus' pending declaratory judgment action involving the OnDemand Services in Florida. The motion that Plaintiff references in its surreply as likely to be granted in its favor (Dkt. 121 at 3-4) was, in fact, denied by the Florida Court. Ex. 26 (Magistrate Judge Baker's Order); Ex. 27 (Chief Judge Fawsett's Order). Targus has also voluntarily provided source code for the OnDemand Services to Plaintiff. Ex. 29.

### III.    ARGUMENT.

Plaintiff's PICs are improper because they fail to set forth infringement contentions and fail to identify Accused Instrumentalities. Worse, Plaintiff's PICs contradict both the allegations in Plaintiff's original and Amended Complaints as well as the public record regarding the services that Defendants actually provide. Moreover, Plaintiff's untimely attempt to identify Targus services as a basis for this lawsuit fails to remedy the deficiencies in Plaintiff's PICs.

### A.    Plaintiff's Infringement Contentions Fail Patent Local Rules 3-1 And 3-2 And Governing Federal Circuit Precedent.

#### 1.    Plaintiff's PICs Do Not Set Forth Infringement Contentions.

PICs must provide "specific theories of infringement." *Fenner,* 236 F.R.D. at 310 (quoting *STMicroelectronics*, 308 F.Supp.2d at 755); *accord Williams Wireless*, 2007 WL 1932806, at *1-*2. Plaintiff provides the same boilerplate infringement contentions in its PICs for every Defendant: Each PIC starts by parroting the claim language and concludes by asserting how a hypothetical "person having ordinary skill in the art" would "***normally***" satisfy the claim element. *See*, Exs. 2-18 (PICs), every claim element (emphasis added). These contentions fail Patent Rule 3-1(c).

PICs "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3-1." *Connectel*, 391 F.Supp.2d at 528 (citation omitted). Plaintiff's views regarding how one of "ordinary skill in the art" might "normally" meet a claim element also do not constitute infringement contentions. Plaintiff's PICs fail to explain how any Defendant—much less any Accused Instrumentality of any Defendant—***actually*** meets each element of each asserted claim of the '111 and '689 patents. Nor does Plaintiff state whether its claims against Defendants are for direct, indirect, or joint infringement. *See, e.g., BMC Resources, Inc. v. Paymenttech, L.P.*, 498 F.3d 1373 (Fed.

Cir. 2007) (noting special requirements for joint infringement claims). Because Plaintiff's hypothetical PICs fail to provide Plaintiff's bases for its claims or theories of infringement, they should be stricken. Patent Rule 3-1(c); *accord Fenner*, 236 F.R.D. at 310; *Connectel*, 391 F.Supp.2d at 528; *Williams Wireless*, 2007 WL 1932806, at \*1-\*2; *Softvault*, 2007 WL 1342554, at\*2; *accord View Eng'g*, 208 F.3d at 986.

### 2.      Plaintiff's PICs Do Not Identify Accused Instrumentalities.

The Patent Rules also require a patentee to provide an identification of each Accused Instrumentality that is "as specific as possible[.]" Patent Rule 3-1(b). Plaintiff's PICs do not meet this requirement of the Patent Rules either.

For thirteen of the seventeen Defendants, Plaintiff identifies no accused "geographic call routing service." Plaintiff instead identifies one or more telephone numbers that it believes is associated with these thirteen Defendants. *See* Exs. 2 ("Boston Market"); 3 ("Budget"); 4 ("DHL"); 5 ("Domino's"); 6 ("Enterprise"); 7 ("Farmers"); 8 ("Federal Express"); 9 ("Goodyear"); 10 ("Jenny Craig"); 11 ("LA Weight Loss"); 14 ("Showtime"); 15 ("Sylvan"); 17 ("UPS"). An identification of a telephone number is not an identification of an Accused Instrumentality, however: Plaintiff's claim is not against a 1-800 number, but a "geographic telephone call routing" service allegedly associated with that telephone number. *See* Dkt. 1 (Complaint) at ¶¶ 26, 32; Dkt. 110 (Amended Complaint) at ¶¶ 25, 31. Accordingly, there is no indication whether Plaintiff is accusing a present system associated with these telephone numbers, or an (unknown and unidentified) historical system, or both. Indeed, several Defendants have purchased or provided geographic telephone call routing services for years from a variety of suppliers, including Plaintiff.  Several Defendants were also purchasing or using geographic telephone call routing services well before Plaintiff existed or filed for its patents.

Plaintiff's PICs for the remaining Defendants—McLeod, Patriot, Tellme, and Vail—are similarly deficient. *See* Exs. 12 (McLeod); 13 (Patriot); 16 (Tellme); 18 (Vail). Plaintiff's PICs fail to identify any specific service of any of these Defendants that is accused of infringement. *Id*. Such broad accusations amount to a repetition of Plaintiff's notice-pleading against these Defendants' "geographic call routing services" in its original and Amended Complaints.  It is improper. *See, e.g., Fenner,* 236 F.R.D. at 310.

### B.   Plaintiff's PICs Contradict The Allegations In Plaintiff's Original and Amended Complaints, As Well As The Public Record.

Moreover, Plaintiff's PICs contradict the allegations in Plaintiff's original and Amended Complaints, as well as the public record regarding Defendants' services. That Plaintiff's PICs contain hypotheticals is improper; worse, Plaintiff's PICs contain *improper* hypotheticals which contradict the public facts known to Plaintiff regarding Defendants' systems. Plaintiff's PICs not only fail to apprise Defendants of the claims against them, but show that several Defendants do not infringe Plaintiff's '111 and '689 patents—even under Plaintiff's erroneous views.[4]

**First,** Plaintiff's PICs are at odds with its original and Amended Complaints. Plaintiff's original and Amended Complaints accuse each Defendant of infringing its patents by using or providing "geographic telephone call routing services."  Dkt. 1 at ¶¶ 26, 32; Dkt. 110 at ¶¶ 25, 31. The 1-800 numbers identified in Plaintiff's PICs for Federal Express, UPS, and DHL, however, are not associated with a "geographic telephone call routing service." As the Court can determine by dialing these numbers, a computer or operator answers and "speak backs" information to a caller, provides other services, or connects a caller to a service attendant, *without* routing the caller's telephone call to a nearby (or geographically-appropriate) location.

---

[4] This Motion concerns the contradictions between the facts known to Plaintiff and its PICs; Defendants do not attempt to set forth their noninfringement or claim construction positions herein, which are premature under the Court's Rules.

**Second,** Plaintiff's PICs contradict what Plaintiff knows regarding McLeod's geographic telephone call routing systems. As acknowledged in Plaintiff's PICs, every claim of the '111 and '689 patents requires that the accused party "defin[e] the boundaries of one or more geographical areas which can be of any size and shape, each point along said boundaries being defined by latitude and longitude coordinates." *See, e.g.,* Exs. 2-18 (each claim, second element). Every claim of the '111 and '689 patents additionally requires that an accused party use latitude and longitude coordinates to determine whether a potential caller is inside or outside of those defined geographic areas. Exs. 2-18 (each claim, third element). Consistent with these requirements, Plaintiff's PICs include the same recitation for every Defendant that "one of ordinary skill in the art" would use a "GIS or other programs" to "define boundaries," as well as "us[e] readily available programs that determine whether a point lies within a boundary." Exs. 2-18 (Plaintiff's contentions for the second and third elements of every claim).[5]

Although these boilerplate claims are inadequate for every Defendant, they are particularly inappropriate for McLeod.  Plaintiff knows from its eight-year history with McLeod and the public record of the Florida lawsuit that McLeod ***does not*** "define boundaries with latitudes and longitudes" in the manner asserted in Plaintiff's PICs.  McLeod instead uses a "nearest neighbor calculation," or other systems, which do not route calls by defining boundaries with latitudes and longitude coordinates.  Ex. 30 (McLeod deposition) at 22-23, 114-120 & 208.[6]

These facts were made clear during the trial of the Florida action, during which McLeod's Rule 30(b)(6) deposition testimony was submitted to the Court and portions played

---

[5] Plaintiff's expert, Dr. Brody, testified in the Florida lawsuit that geographic call routing based on "boundaries" or "areas," such as those claimed in the '111 and '689 patents, are different from other geographic call routing systems and methods. *E.g.,* Ex. 31 at 217:10-19.

[6] All portions of the McLeod deposition cited herein were publicly filed in Case No. 6:02-cv-01354-PCF-DAB, at Dkt. 121, Ex. N, and elsewhere. Portions were also presented to the jury.

for the jury. It was also made clear much earlier in the Florida lawsuit, when Plaintiff deposed McLeod in October 2003. Ex. 30. Plaintiff's counsel repeatedly asked McLeod's Rule 30(b)(6) witness whether McLeod determines whether a caller falls "within" a boundary around a store location in its call routing systems. *See, e.g.,* Ex. 30 at 116-120.[7] Contrary to the hypothetical system set forth in Plaintiff's PICs, McLeod's witness testified that McLeod never uses "latitude and longitude" to determine whether a caller falls within defined boundaries of "any size and shape" in connection with its geographic call routing systems. *Id.*   And, despite receiving extensive documentation regarding McLeod's geographic call routing systems a full three years before the trial of the Florida lawsuit, Plaintiff never sought to name McLeod as a Defendant in the Florida lawsuit.

Plaintiff's PICs fail to provide a basis for Plaintiff's claims against any Defendant.  For Federal Express, UPS, DHL, McLeod, and McLeod's customers, Plaintiff's PICs further ignore the public information known to Plaintiff or contradict Plaintiff's averments in its pleadings. Plaintiff could have provided PICs advising these Defendants of a basis, if any, for the infringement claims set forth in its Complaints against them. It did not.

---

[7] *See, esp.*, Ex. 30 at 117:3-9 ("**Q. [Plaintiff's counsel:]** So—So let's say the client specifies, 'I want you to route to stores within a 2-mile radius of all my defined service locations.' Are you with me? **A. [McLeod:]** We can't—**Q. [Plaintiff's counsel:]** Are you with me? **A. [McLeod:]** I'm with you. We can't do that."). Aside from specific applications for Enterprise that McLeod ran for Plaintiff when Enterprise, McLeod, and Plaintiff did business, McLeod's prior deposition shows that its systems process calls using a nearest neighbor calculation—*e.g.*, find the nearest store within 100 miles of a caller *not* find out whether the caller falls inside or outside this store territory by point-in-polygon or latitude and longitude—or by matching postal codes (*e.g.*, Zip code to Zip code). *See id.* at 22-23, 116-120, 208. These real McLeod systems are not the hypothetical systems described in Plaintiff's PICs; they are excluded from the PIC's hypothetical systems. Plaintiff, of course, also has insight regarding McLeod's systems from its approximately eight-year business relationship with McLeod.

C.   **Plaintiff's November 20, 2007 Letter Fails To Resolve The Deficiencies In Plaintiff's PICs.**

Plaintiff's letter of November 20, 2007, which identifies four Targus systems as allegedly related to Plaintiff's infringement claims does not remedy the deficiencies in Plaintiff's PICs. Ex. 23. It makes them worse.

**First,** Plaintiff's November 20 letter comes nearly a month after the PICs. Defendants' work on their Rule 3-3 and 3-4 disclosures is substantially underway. To the extent that Plaintiff tries to force Defendants to accommodate its tardy identifications of Targus services in their Rule 3-3 and 3-4 disclosures, Plaintiff's November 20 letter violates the letter and spirit of the Patent Rules and is highly prejudicial. *See* Patent Rule 3-6.

**Second,** Plaintiff's November 20 letter still does not identify any Accused Instrumentalities of Defendants, provide PICs for the newly-identified Targus services, or explain how Defendants infringe Plaintiff's claims. It remedies none of the deficiencies in Plaintiff's PICs.

**Third,** Plaintiff's recent discovery requests come after a full *six months* of choosing to pursue *no* discovery. *E.g.,* Ex. 25.  They are also in direct response to Defendants' notice to Plaintiff that its PICs are deficient, *see* Ex. 19, and constitute an implicit admission by Plaintiff that Defendants have a point.

**Finally**, with respect to Targus' OnDemand services: aside from Plaintiff's recent flurry of activity, these Targus services have never before been identified as a part of this lawsuit (indeed, they post-date the filing of this lawsuit). Plaintiff also advised this Court that the present lawsuit will *not* involve the OnDemand services. Dkt. 121 at 3-4. The Florida Court has ruled that Plaintiff's claims against Targus' OnDemand services are properly before it under the "customer suit doctrine." Ex. 28 at 7 (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.

Cir. 1990) ("litigation against … the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.")). Plaintiff's belated reversal, and new suggestions that the OnDemand services are relevant to its basis for filing this lawsuit, does not correct the serious deficiencies in its PICs.

## IV.     CONCLUSION.

For the foregoing reasons, and each of them, Plaintiff's PICs should be stricken. Alternatively, Plaintiff should be barred from amending its PICs and turning discovery into a fishing expedition—as Plaintiff's November 20, 2007 letter indicates that it intends to do.


Dated: November 30, 2007                         Respectfully submitted by,


                                                 */s/ John M. Pickett*
                                                 Damon Young, Esq.
                                                 TX State Bar No. 22176700
                                                 John Michael Pickett, Esq.
                                                 TX State Bar No. 15980320
                                                 YOUNG, PICKETT & LEE
                                                 4122 Texas Boulevard
                                                 P.O. Box 1897
                                                 Texarkana, TX 75504
                                                 Telephone: (903) 794-1303
                                                 Facsimile: (903) 792-5098

                                                 **Counsel for Defendants**

                                                 */s/ Jeff M. Barron  (w/permission)*
                                                 Donald E. Knebel, Esq.
                                                 Todd G. Vare, Esq.
                                                 Jeff M. Barron, Esq.
                                                 BARNES & THORNBURG LLP
                                                 11 South Meridian Street
                                                 Indianapolis, Indiana 46204
                                                 Telephone:  (317) 231-1313
                                                 Facsimile:  (317) 231-7433
                                                 Email: dknebel@btlaw.com
                                                 Email: tvare@btlaw.com
                                                 Email: jbarron@btlaw.com

**Counsel for Enterprise Rent-A-Car Company, The Goodyear Tire & Rubber Company, Jenny Craig, Inc., Boston Market Corp., Domino's Pizza LLC, Budget Rent-A-Car System, Inc., Federal Express Corporation, Sylvan Learning, Inc., DHL International, Ltd., LA Weight Loss, Showtime Networks, Inc., Tellme Networks, Inc., and Vail Systems, Inc.**

*/s/ Mark Thomas Garrett (w/permission)*
David Dean Bahler, Esq.
Mark Thomas Garrett, Esq.
FULBRIGHT & JAWORSKI
600 Congress, Suite 2400
Austin, TX 78701
(512) 474-5201
(512) 536-4598 (fax)
Email: dbahler@fulbright.com
Email: mgarrett@fulbright.com

**Counsel for Farmers Group, Inc.**

*/s/ Christopher M. Joe (w/permission)*
Christopher M. Joe, Esq.
TX State Bar No. 00787770
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3604
Facsimile: (214) 665-5904
E-mail: joec@gtlaw.com

OF COUNSEL:

Gerald Fellows, Esq.
Kimberly Warshawsky, Esq.
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3604
Facsimile: (214) 665-5904
E-mail: fellowsj@gtlaw.com
E-mail: warshawskyk@gtlaw.com

**Counsel for McLeodUSA Telecommunications Services, Inc.**

*/s/ Natasha H. Moffit(w/permission)*

Stephen M. Schaetzel, Esq.
Natasha H. Moffitt, Esq.
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5134
Email: sschaetzel@kslaw.com
Email: nmoffitt@kslaw.com

**Counsel for United Parcel Service of America, Inc.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that attorneys for Defendants conferred with attorneys for Plaintiff regarding the subject matter of this motion on November 19, 2007, and that counsel for Plaintiff and Defendants, including the undersigned, conferred again at length on November 20, 2007.   The parties also exchanged substantial correspondence outlining their positions in advance of these conferences. *See* Exs. 19-24. Participants in the conferences included both local and national counsel for the parties.  Despite the parties' diligent efforts, no resolution regarding these matters could be reached. *See* Ex. 24.

DATED: November 30, 2007                */s/ Damon Young*
                                         Damon Young
                                         TX State Bar No. 22176700
                                         YOUNG, PICKETT & LEE
                                         4122 Texas Boulevard
                                         P.O. Box 1897
                                         Texarkana, TX 75504
                                         Telephone: (903) 794-1303
                                         Facsimile: (903) 792-5098

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).


DATED: November 30, 2007                    */s/  John M. Pickett*
                                            John M. Pickett