IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| 800 ADEPT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 5:07cv57 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| ENTERPRISE RENT-A-CAR COMPANY; | § | |
| MCLEODUSA TELECOMMUNICATIONS | § | |
| SERVICES, INC.; FARMERS | § | |
| GROUP, INC.; THE GOODYEAR TIRE & | § | |
| RUBBER COMPANY; JENNY CRAIG, | § | |
| INC.; BOSTON MARKET CORP.; BALLY | § | |
| TOTAL FITNESS CORP.; DOMINO'S | § | |
| PIZZA LLC; UNITED PARCEL SERVICE, | § | |
| INC.; BUDGET RENT A CAR SYSTEM, | § | |
| INC.; FEDERAL EXPRESS | § | |
| CORPORATION.; SYLVAN | § | |
| LEARNING; DHL EXPRESS (USA), INC.; | § | |
| LA WEIGHT LOSS; SHOWTIME | § | |
| NETWORKS, INC.; VAIL SYSTEMS, INC.; | § | |
| TELLME NETWORKS, INC; AND | § | |
| PATRIOT COMMUNICATIONS, LLC. | § | |
| | § | |
| Defendants. | § | |

**RESPONSE TO DEFENDANTS' MOTION TO
ENFORCE LOCAL PATENT RULES 3-1 AND 3-2**

## I.  Introduction

Comes now Plaintiff, 800 Adept, and files this response to Defendants' Motion to Enforce Local Patent Rules 3-1 and 3-2 (Doc. 195).   For the reasons stated herein, 800 Adept respectfully requests that Defendants' motion be DENIED.

## II.  Factual Background

On September 27, 2007, both Plaintiff and Defendant appeared before the Court for a Rule 16 Management Conference.  On October 23, 2007, Plaintiff served Defendants with Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Local Patent Rule 3-1. (See Doc. 189, Plaintiff's Notice of Compliance.)

On November 2, 2007 and November 5, 2007, Defendants sent Plaintiff letters asserting that Plaintiff's infringement contentions were insufficient.  See Exhs. A and B.  On November 8, 2007, and November 20, 2007, Plaintiff responded, explaining that the infringement issues in this case required an examination of Defendants' source code before more detailed infringement contentions could be provided.  See Exhs. C and D.  Plaintiff explained that it had already noticed third party depositions needed to identify Defendants infringing products by name and intended to diligently move ahead with the discovery necessary to provide more detailed infringement contentions.  See Exhs. E and F.  Although, as Plaintiff explained in an additional letter on November 20, 2007, its infringement contentions are sufficient to put Defendants on notice of the accused products, Plaintiff agreed to provide and did provide the names of the accused products known to Plaintiff at this time.  See Exh. D.  Plaintiff committed to promptly take the needed discovery, and to seek leave of court to amend its infringement contentions to provide the more detailed information that Defendants seek.

Unsatisfied with Plaintiff's pragmatic approach to the problems inherent in infringement actions where the accused products use source code hidden from Plaintiff's view until after discovery is obtained, Defendants filed the instant motion.  Defendants' hard-line position is

1

unreasonable, and is contrary to the case law in this district that recognizes the need for

infringement plaintiffs to obtain source code during discovery before it can make more detailed

infringement contentions.  Therefore, Defendants' motion should be denied.

### III. Applicable Law

The substance of a plaintiff's infringement contentions in patent cases in this District is

governed by Local Patent Rule 3-1.  This rule requires that the plaintiff identify each Accused

Instrumentality "of which the party is aware" and that each product or method be identified by

name (or model number) "if known."[1]  The rules themselves thus provide for plaintiffs having

limited information to include in their infringement contentions.  Courts have also recognized

that infringement contentions may be limited prior to discovery especially when the products

accused involve software that is not publicly available. "Court has high expectations for

plaintiffs as they prepare their initial PICs.  But those expectations are not unrealistic.  For

example, in software cases, the Court has recognized the pragmatic limitation on detailed

preliminary infringement contentions when plaintiffs do not have the necessary access to non-

public software, which is needed to make detailed infringement contentions." *Orion IP, LLC v.*

*Stapes, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006).  See also *American Video Graphics v.*

*Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (court held less detailed

infringement contentions were sufficient and allowed plaintiffs to amend contentions after

reviewing source code).

Infringement contentions are not a forum for litigating substantive issues, but rather

provide a trajectory for the case to follow. *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.

Supp. 2d 754, 755 (E.D. Tex. 2004); *Connectel L.L.C. v. Cisco Systems, Inc.*, 391 F. Supp. 2d

---

[1] The full text of P.R. 3-1(b) is as follows: "Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party *of which the party is aware*.  This identification shall be *as specific as possible*.  Each product, device, and apparatus must be identified by name or model number, *if known*.  Each method or process must be identified by name, *if known*, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;" [emphasis added]

526, 527 (E.D. Tex. 2005).  As such the infringement contentions help to streamline discovery, thus promoting judicial economy.  *STMicroelectronics* at 755.

**IV. Argument**

> ### A.  800 Adept has submitted Infringement Contentions that fully comply with local Patent Rule 3-1

800 Adept's infringement contentions fully comply with Local Patent Rule 3-1.[2]   First, 800 Adept has used all of the information currently available to it in order provide Defendants with infringement contentions that are as detailed as possible.  800 Adept believes that the Defendants are using products and services that infringe the claims of the asserted patents, as indicated in 800 Adept's infringement contentions.  Unfortunately, in order to be more specific in its infringement contentions, 800 Adept would need access to information, including software, that is not publicly available.  Since 800 Adept has yet to receive this non-public information at this early stage in the discovery process, it was forced to provide more general infringement contentions based on its knowledge of Defendants' call routing services, not on the internal workings of the confidential software used to implement those services.  Contrary to what Defendants contend, 800 Adept identified specific products and services by name, when such information was publicly available.  Specifically, in its infringement contentions, Plaintiff conveyed the following information: McLeodUSA's services are marketed under the names "McLeodUSA Enhanced Toll Free," and "Advanced Call Routing."  Patriot's services are marketed under the names "Enhanced Routing Services," "Interactive Voice Response," "Click2Locate," and "Thumbprint Media."  Vail's services are marketed under the names "Vail Call Routing," "Vail Speech Locator," and "Vail Voice Hosting."

> ### B.       800 Adept is seeking discovery to aid in refining the PICs

Next, 800 Adept is diligently seeking discovery to obtain the confidential information necessary to provide more detailed infringement contentions.  800 Adept has sought source code

---

[2] While Defendants' motion seeks to enforce Rules 3-1 and 3-2, Defendants have provided no argument to support a basis for asserting non-compliance with Rule 3-2.

from third party Targus and has served an interrogatory on the Defendants seeking the

identification of  third parties contracted with and the products used for call routing and/or

identification of nearby service locations. See Exhs.E and F.  This information is necessary to

enable Plaintiff to provide the detailed infringement contentions Defendants seek.  Infringement

contentions are meant to streamline discovery, and at this stage in the litigation, 800 Adept has

focused its discovery requests to further that goal.  *STMicroelectronics.*, 308 F. Supp. 2d at 755;

*Connectel*, 391 F. Supp. 2d at 527.  Even though the case management conference in this case

was followed by substantial schedule negotiations, Plaintiff propounded the aforementioned

discovery within 60 days of the case management conference.  Defendants' statements that 800

Adept's discovery requests either were not diligent or were in response to Defendants'

complaints about the infringement contentions are without merit.  Furthermore, 800 Adept has

agreed to seek leave to amend its infringement contentions after receipt of the discovery

necessary for providing more detailed contentions. See Exh. D. Defendants agree that leave of

court is required prior to amending infringement contentions, yet still they complain that 800

Adept has not provided them with amended contentions.  See Local Patent Rule 3-7.

Defendants' complaints are unjustified, unrealistic, and unreasonable.  See *Orion IP,* 407 F.

Supp. 2d at 817.

> **C.      *Information from the Florida litigation is either confidential, irrelevant, or too general to aid in creating more specific infringement contentions.***

Defendants also claim that 800 Adept had access to information from the previous

Florida litigation that it could have used to prepare more detailed infringement contentions.

Defendants are incorrect for several important reasons.

First, much of the relevant information from that case is restricted from disclosure by the

protective order in that case.  Although some of the attorneys who represented 800 Adept in the

Florida litigation also represent 800 Adept in the current litigation, those attorneys are bound by

the agreement in the Florida case, which prevents them from using confidential information

outside of that litigation.  Furthermore, they certainly do not have permission to disclose the

confidential information to other parties in the current case – something that would be required if the information were used in 800 Adept's infringement contentions.[3]

Second, while 800 Adept has access to the information from the Florida case that was made public through its use at trial, this information is either not relevant to the infringement contentions or is too general to be used to make the infringement contentions more specific. This is especially true given the fact that Defendants have stated that they are either no longer using products at issue in the Florida case or they are using "new and substantially different" Targus products.  In either case, there would be no information about these products found in the record from the Florida litigation.

### D.     Plaintiff's use of similar language and hypotheticals in its PICs does not make them insufficient.

Defendants further argue that 800 Adept's infringement contentions are "boilerplate" contentions applied to all of the Defendants.  Though 800 Adept does not know specifically which products are being used by which defendants – this is not public information – it believes that many of the defendants are using the same products or one of several products.  These products were identified in 800 Adept's letter to the Defendants, dated November 20, 2007.  It is thus understandable that the infringement contentions for these parties would contain similar language.[4]  Along those same lines, Defendants complain that 800 Adept's infringement contentions contain hypotheticals, as if this alone makes them insufficient.  800 Adept's infringement contentions are not limited to hypotheticals.  If 800 Adept deleted the hypotheticals from their infringement contentions, the contentions would still be as detailed as possible given the information that is publicly available to 800 Adept.  The hypotheticals are meant to help Defendants streamline their discovery in the absence of confidential information that would allow 800 Adept to provide more specific contentions.  800 Adept does not know, for example,

---

[3] While Defendants claim that the information produced in the Florida litigation could be used to inform more detailed infringement contentions, with the exception of McLeod, none of the Defendants have given permission to use those documents in the current case.

[4] This is true even though (as Defendants claim) the Defendants are in varying business spaces – they still all either use, make or sell geographic call routing or location identification products.

exactly how Jenny Craig defines geographic areas, however, one of ordinary skill in the art would use a readily available program or manual means such as GIS or physical overlay mapping.  Given the information provided in 800 Adepts infringement contentions – especially when coupled with the courtesy information provided in the November 20, 2007 letter – it is difficult to understand how Defendants can claim it is impossible for them to know what documents are relevant to this lawsuit.

> ### E.       Rule 11 is inapossite.

Defendants citations to cases governing compliance with Rule 11 and implications regarding 800 Adept's pre-filing investigations are irrelevant.  Local Patent Rule 3-1 does not require that 800 Adept disclose the steps in took during its pre-filing investigation in its infringement contentions.  Any information gained by 800 Adept during its pre-filing investigation that is relevant to the infringement contentions was included in the contentions.  As of the filing of their motion, defendants had not asked for—nor was 800 Adept obligated to provide—additional information regarding 800 Adept's pre-filing investigation.[5]

> ### F.       The local rules do not require PICs to articulate whether Plaintffs accuse Defendants of direct, indirect or joint infringement.

Defendants complaint that 800 Adept has not identified whether it is accusing Defendants of direct, indirect, or joint infringement are without merit.[6]  There is no requirement in the local rules that Plaintiff disclose this information in its PICs.  Instead, that information is properly set forth in 800 Adept's complaint.  Nor is such information necessary to fulfill the intention of the rules to "streamline the discovery process" and provide a "trajectory for the case." *STMicroelectronics.*, 308 F. Supp. 2d at 755; *Connectel*, 391 F. Supp. 2d at 527.  Defendants' insistence that this information be set forth in Plaintiff's infringement contentions demonstrates

---

[5] Since filing their motion, Defendants have propounded document requests, at least one of which requests information regarding 800 Adept's basis for filing suit.

[6] Defendants' reliance on BMC for the requirement that 800 Adept identify any basis for joint infringement is flawed.  While BMC discusses the requirements for joint infringement, it does so in the context of summary judgment and is devoid of any reference or application to the requirements for infringement contentions.

their misunderstanding of the requirements of the local rules, and highlights the overreaching nature of the instant motion.

Defendants simply misunderstand the information required to be disclosed in Plaintiff's infringement contentions.  The infringement contentions are not a "forum for litigation of the substantive issues . . ." *See STMicroelectronics* at 755; Defendant's Motion pp. 11-13.   Yet Defendants spend several pages of their brief laying out what appears to be a non-infringement argument despite their disclaimer to the contrary.  Not only does 800 Adept disagree with the characterization of the "facts" presented in Defendants' non-infringement argument, but Defendants' argument is inappropriate at this time.  As stated above, any facts from the previous Florida litigation that are not protected by the protective order and are relevant to 800 Adept's infringement contentions have been included in the contentions.

### G.    *The November 20, 2007 letter was a good faith effort by Plaintiffs to address Defendants' concerns.*

In response to Defendants' expression of concerns regarding the specificity of Plaintiff's PICs and Defendants' request that Plaintiff amend its PICs, Plaintiff's counsel sent a letter to Defendant's counsel with several goals.  First and foremost, the letter was a good faith attempt to resolve the issues without court intervention.  Second, Plaintiff sought to give Defendants as much further information as possible to assist Defendants in making their Rule 3-3 and 3-4 disclosures.  Third, Plaintiff explained to Defendant, as it has to the Court in the current response, that Plaintiff simply does not have the information at the current time to provide more specific contentions.  The information is not publicly available, and Plaintiff must obtain the information and source codes from Defendants before more specific contentions can be made. Finally, Plaintiff reiterated to Defendants that their hampering of Plaintiff's attempts at legitimate and necessary discovery would only delay Plaintiff's ability to add specificity to its PICs. See Exh. D.

Defendants attempt to portray Plaintiff's letter in a different light, arguing that it functions as an admission that Plaitniff's PICs were deficient.  Plaintiff's diligent attempt to provide

7

Defendants with the information they sought was in no way an admission of inadequacy. Plaintiff stands by the assertion that the PICs were as specific as possible considering the information known to Plaintiff at the time the contentions were served.  In *STMicroelectronics*, the Court advised the parties that if they had a genuine dispute over disclosures in PICs, they "should confer and make best attempts at correcting the disclosure.  Likewise, parties should disclose discoverable information as quickly and efficiently as possible." *STMicroelectronics.*, 308 F. Supp. 2d at 756.  Plaintiff provided information in its November 20 letter in a good faith effort to address Defendants' concerns, to provide as much information as possible to Defendant, and to resolve this issue without Court intervention.  Rather than filing this meritless motion, Defendants should undertake the same good-faith effort shown by the Plaintiff and disclose discoverable information quickly so as to facilitate Plaintiff's effort to satisfy Defendant's request for more specific infringement contentions.  This motion and other delays serve only to hamper Plaintiff's ability to address the issues raised in Defendants' motion.

### H.      *Defendants' suggested remedies are inappropriate at this time*

Defendants' suggested remedies of striking 800 Adept's infringement contentions or barring 800 Adept from expanding the scope of its contentions are inappropriate and this time and are not supported by case law or the local patent rules.  Defendants rely on *Williams Wireless,* 2007 WL 1932806 (E.D. Tex. 2007) to support their requested remedies.  In *Williams Wireless*, plaintiffs had represented to the court that they would provide amended infringement contentions, but then failed to do so.  The court found it necessary to sanction plaintiffs for their failure to follow through with its representation to the Court, and thus struck their infringement contentions.  800 Adept is not in a similar position to the plaintiffs in *Williams Wireless*.  Though 800 Adept has agreed to amend its infringement contentions, the time for following through on this promise has yet to arise.  800 Adept must first receive the requested discovery to enable it to amend its contentions; it can then seek leave of court to amend the contentions and provide such amendments after leave is granted.  There is no support in the case law for striking 800 Adept's

contentions prior to the occurrence of these events.  To the contrary, the instant case is analogous to *American Video Graphics v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) in which the Court allowed Plaintiff to amend its preliminary infringement contentions after reviewing source code provided by the defendant during discovery.  In that case plaintiff had played video games, had done research, and had based its infringement contentions on all information available to it; however, necessary to plaintiff's contentions were software and source code available only through discovery.  The Court recognized this challenge and allowed plaintiff to amend its contentions after discovery.   Such a result is warranted here.

## V.    Conclusion

Plaintiff is in compliance with Local Rule 3-1 as it has produced preliminary infringement contentions that are as specific as possible considering the information known to Plaintiff.  Plaintiff is aware that Defendant desires more specific contentions and has diligently sought discovery from Defendants to aid producing more specific prelimineary infringement contentions.  Plaintiff is awaiting Defendants' compliance with its discovery requests and will promptly seek leave of Court to amend its contentions as soon as more detailed information is available.  In the mean time, Plaintiff has acted in good faith to resolve the instant dispute with Defendant to no avail.  Striking Plaintiff's contentions or disallowing to expand the scope of its contentions are inappropriate remedies where Plaintiff, through all reasonable and diligent effort, has not yet received the source code necessary to provide more detailed contentions, and where Defendants  have not yet provided the necessary discovery to Plaintiff.

Based on the foregoing, Defendants' motion should be DENIED.

9

DATED: December 27, 2007          Respectfully submitted,

                                  */s/ Nicholas H. Patton*
                                  Nicholas H. Patton
                                  SBN: 15631000
                                  **PATTON, TIDWELL & SCHROEDER, L.L.P.**
                                  4605 Texas Boulevard – P.O. Box 5398
                                  Texarkana, Texas 75505-5398
                                  (903) 792-7080 / (903) 792-8233 (fax)

                                  **ATTORNEY IN CHARGE FOR PLAINTIFF**


**OF COUNSEL**:

LANIER LAW FIRM, P.C.
W. Mark Lanier        SBN: 11934600
Eugene R. Egdorf      SBN: 06479570
Dara G. Hegar         SBN: 24007280
6810 FM 1960 West
Houston, Texas 77069
(713) 659-5200        (713) 659-2204 (fax)


MAHER, GUILEY & MAHER, PA
Steven R. Maher       SBN:  24030268
J. Brent Smith        SBN:  0010837 (Florida)
631 W. Morse Blvd., Suite 200
Winter Park, FL 32789
(407) 839-0866        (407) 425-7958  (fax)


LAW OFFICES OF PATRICIA L. PEDEN
Patricia L. Peden
610 16th Street – Suite 400
Oakland, CA 94612
(510) 268-8033


THE PLIMIER LAW FIRM
Lorrel Plimier
610 16th Street - Suite 400
Oakland, CA 94612
(510) 268-1770

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of December, 2007.


/s/ Nicholas H. Patton
Nicholas H. Patton