# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Jeff M. Barron
(317) 231-7751
Email: jeff.barron@btlaw.com
Admitted to practice only in Illinois

November 2, 2007

*Via Electronic and U.S. Mail*

Michael Holley
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77269-1448

Nicholas Patton, Esq.
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard – P.O. Box 5398
Texarkana, Texas 75505-5398

Steven R. Maher
J. Brent Smith
Maher, Guiley & Maher, PA
631 W. Morse Blvd., Suite 200
Winter Park, FL 32789

Lorrel Plimier
The Plimier Law Firm
610 16th Street - Suite 400
Oakland, CA 94612

Re:     *800 Adept, Inc. v. Enterprise Rent-A-Car, et al.*

Dear Michael:

I have 800 Adept's initial disclosures under Fed.R.Civ.P. 26(a), as well as its infringement contentions and production under Local Rules 3-1 and 3-2 of the Eastern District of Texas. I also have your letter of October 31, 2007 and Brent Smith's email of November 1, 2007 enclosing a proposed protective order. I will continue to work with Brent regarding protective order issues.

There are several deficiencies in 800 Adept's Rule 3-1 infringement contentions that require attention in the meantime, however. First, the infringement contentions for Tellme Networks, Inc. ("Tellme") do not comply with Local Rules 3-1(b) and (c). A separate letter from Tellme's counsel will address this issue.

Second, the infringement contentions provided for the other defendants also fail to satisfy Local Rules 3-1(b) and (c). 800 Adept provides boilerplate allegations for each defendant, with the same language repeated nearly verbatim. 800 Adept is aware from its past lawsuits and business dealings, however, that there are vast differences among the eighteen defendants. Accordingly, a single set of boilerplate allegations for eighteen very different defendants does not comply with the Local Rules. It does not explain how each individual defendant's

EXHIBIT
A

Michael Holley
November 2, 2007
Page 2

instrumentalities satisfy each element of each patent claim asserted against that particular defendant.

Third, 800 Adept's boilerplate is not even a genuine Rule 3-1 contention. 800 Adept instead states its view regarding how a hypothetical system might "normally" function or what one of ordinary skill in the art would know or could do. 800 Adept's views regarding what an hypothetical accused instrumentality may (or may not) do, what is (or is not) "normal," or what one of ordinary skill would (or would not) know, however, are irrelevant (if they are even correct). One does not file an patent infringement lawsuit against a made-up instrumentality. The issue is what the defendants *actually* do, and whether an *actual* instrumentality of each defendant *actually* meets each limitation of each of 800 Adept's asserted claims.

Again, given that 800 Adept received extensive discovery regarding many of these defendants in its past litigation with Targus, and has also had extensive business contacts with several of the defendants, there is no excuse for 800 Adept not to provide the basic information required by Rule 3-1(b) and (c). Please provide supplemental infringement contentions for each defendant on or before November 16, 2007 that explain, claim-element-by-claim-element, how each defendant *individually* satisfies each and every element of the claims that 800 Adept asserts against it. If you do not intend to provide infringement contentions in accordance with Local Rule 3-1, please so advise by November 8 so that we may consider whether we need to involve the Court in this matter.

Finally, I very much appreciate your courtesy in providing Summation and Concordance load files with 800 Adept's Rule 3-2 production. Please also advise me which load files you will require for Defendants' upcoming productions.

Should you have any questions regarding any of the foregoing matters, please contact me.

Sincerely,

Jeff M. Barron

cc:     David Bahler, Esq. (via email)
        Robert Chambers, Esq. (via email)
        Richard Clegg, Esq. (via email)
        Brett Cooper, Esq. (via email)
        Gerald Fellows, Esq. (via email)
        Natasha Moffitt, Esq. (via email)
        Steve Schaetzel, Esq. (via email)
        Stuart Smith, Esq. (via email)

BARNES & THORNBURG LLP

Michael Holley
November 2, 2007
Page 3

Todd Vare, Esq. (via email)
Kimberly Warshawsky, Esq. (via email)
Elizabeth Weiswasser, Esq. (via email)
Damon Young, Esq. (via email)