# BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

Jeff M. Barron
(317) 231-7751
Email: jeff.barron@btlaw.com
Admitted to practice only in Illinois

www.btlaw.com

November 5, 2007

*Via Electronic and U.S. Mail*

Michael Holley
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77269-1448

Nicholas Patton, Esq.
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard – P.O. Box 5398
Texarkana, Texas 75505-5398

Steven R. Maher
J. Brent Smith
Maher, Guiley & Maher, PA
631 W. Morse Blvd., Suite 200
Winter Park, FL 32789

Lorrel Plimier
The Plimier Law Firm
610 16th Street - Suite 400
Oakland, CA 94612

Re:   *800 Adept, Inc. v. Enterprise Rent-A-Car, et al.*

Dear Michael:

This is further to my letter of November 2, 2007, regarding the infringement contentions recently served by 800 Adept, Inc. ("800 Adept"). I write specifically in connection with those provided as to Tellme Networks, Inc. ("Tellme"). The deficiencies mentioned in my November 2 letter apply equally to the contentions directed to Tellme, and there are additional deficiencies, which I summarize below.

Patent Local Rule 3-1(b) requires an identification that is "as specific as possible" regarding the Tellme instrumentality that is the target of 800 Adept's infringement allegations. 800 Adept identifies Tellme's "VoiceXML platform" as the purported "accused instrumentality" under Rule 3-1(b), but provides no basis for its allegation of infringement and no explanation of why the accused the asserted patents directed to geographic call routing have any bearing on the identified Tellme "VoiceXML platform."

800 Adept's claim charts are also not in compliance with the local rules, which require the plaintiff to provide "a chart identifying *specifically* where *each element of each asserted claim* is found within each Accused Instrumentality" (emphasis added). This specificity is missing. For a number of the claims elements Adept simply points to some undefined,

**EXHIBIT B**

nonspecific knowledge of those skilled in the art, including what such people would "normally" do. This cannot meet the required specificity as to how *Tellme* allegedly meets each element of the asserted claims. 800 Adept's infringement contentions do not provide an explanation regarding how any system or service that is a part of (or used with) Tellme's VoiceXML platform meets each element of each patent claim asserted against Tellme. Indeed, the fact that 800 Adept's allegations against Tellme are almost textually identical to those contained in the claims charts for the other fifteen defendants is itself an indication of the lack of specificity as to Tellme.

800 Adept's vague and conclusory contentions merely parrot the language of the claims and do not suffice under Local Patent Rule 3-1. Without the required specificity, Tellme lacks a basis for understanding the nature and basis of Adept's infringement allegations, and Tellme is accordingly challenged in its ability to comply with its own upcoming obligations under Rule 3-4.

In view of the foregoing, please advise me no later than November 8 whether 800 Adept will provide amended infringement contentions that comply with the local rules. Tellme reserves the right to seek an extension of its own deadlines under Rules 3-3 and 3-4.

Sincerely,

Jeff M. Barron

cc: David Bahler, Esq. (via email)
Robert Chambers, Esq. (via email)
Richard Clegg, Esq. (via email)
Brett Cooper, Esq. (via email)
Gerald Fellows, Esq. (via email)
Natasha Moffitt, Esq. (via email)
Steve Schaetzel, Esq. (via email)
Stuart Smith, Esq. (via email)
Todd Vare, Esq. (via email)
Kimberly Warshawsky, Esq. (via email)
Elizabeth Weiswasser, Esq. (via email)
Damon Young, Esq. (via email)

INDS02 JBARRON 933428v1