**The Plimier Law Firm**

**Lorrel A. Plimier**
Attorney at Law
610 - 16th St., Suite 400
Oakland, CA 94612

510.268.1770
510.649.5178 (fax)
lorrel@plimlaw.com

November 8, 2007

*Via E-Mail*

Jeff M. Barron
11 South Meridian St.
Indianapolis, IN 46204

Re: *800 Adept, Inc. v. Enterprise Rent-A-Car, et al.*

Dear Jeff:

I write in response to your letters to Michael Holley of November 2, 2007 and November 5, 2007 regarding 800 Adept, Inc.'s infringement contentions.

First, 800 Adept disagrees that its infringement contentions are not in compliance with Local Patent Rule 3-1. The Eastern District of Texas has "recognized the pragmatic limitation on detailed PICs when plaintiffs do not have the necessary access to non-public software, which is needed to make detailed infringement contentions." *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006); *see also, American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005). 800 Adept has reviewed all available public information to provide infringement contentions in as much detail as possible at this stage of the litigation. 800 Adept, however, intends to propound discovery to obtain the necessary software and other non-public information to make more detailed infringement contentions. 800 Adept will act with reasonable diligence to accomplish that goal.

Second, your statements that 800 Adept has access to "extensive discovery regarding many of these defendants" from the Florida litigation with Targus are irrelevant to the sufficiency of 800 Adept's infringement contentions. The information disclosed in the Florida litigation is predominantly protected by the protective order entered in that case. This is certainly true for confidential information about processes used for call routing. While some of the attorneys who have access to confidential information in the Florida litigation are also involved in the current case, the protected information cannot, without permission, be used to support positions in the current case. Thus, 800 Adept was still limited to public information in the creation of its infringement contentions.

EXHIBIT C

Jeff M. Barron
November 8, 2007
Page 2

Finally, at this stage in the case, 800 Adept cannot of its own accord amend its infringement contentions. Such amendment requires leave of court upon a showing of good cause. *See* Local Patent Rule 3-6. Given that you have asked us to amend our infringement contentions, we assume that you will not object to 800 Adept's motion to amend as soon as it becomes possible to do so.

Sincerely,

Lorrel A. Plimier

Cc: Nicholas Patton, Esq.
Michael Holley, Esq.
Steven Maher, Esq.
J. Brent Smith, Esq.
Patricia Peden, Esq.
David Bahler, Esq.
Robert Chambers, Esq.
Richard Clegg, Esq.
Brett Cooper, Esq.
Gerald Fellows, Esq.
Natasha Moffitt, Esq.
Steve Schaetzel, Esq.
Stuart Smith, Esq.
Todd Vare, Esq.
Kimberly Warshawsky, Esq.
Elizabeth Weiswasser, Esq.
Damon Young, Esq.