# The Plimier Law Firm

**Lorrel A. Plimier**
Attorney at Law
610 - 16th St., Suite 400
Oakland, CA 94612

510.268.1770
510.649.5178 (fax)
lorrel@plimlaw.com

November 20, 2007

*Via E-Mail*

Jeff M. Barron
Barnes & Thornburg LLP
11 South Meridian St.
Indianapolis, IN 46204

Re: *800 Adept, Inc. v. Enterprise Rent-A-Car, et al.*

Dear Jeff:

I write to address Defendants' request that 800 Adept amend its infringement contentions. The contentions provided by 800 Adept meet the requirements of the local rules requiring information be disclosed, "if known." See P.R. 3-1(b). As explained in my letter dated November 8, 2007, 800 Adept's infringement contentions are necessarily limited because we do not have access to the confidential software code required to make more detailed contentions. 800 Adept has no objection to Defendants' request that it provide more detailed infringement contentions, and will do so promptly after receiving the software code necessary to make more detailed contentions.

Regarding Defendants' concerns that the infringement contentions do not list for each Defendant the specific system made, used, or sold by that defendant in a manner that infringes the asserted patents, again, 800 Adept's contentions are necessarily limited because, although 800 Adept has a reasonable belief that each Defendant makes, uses, or sells, or has made, used, or sold a system that infringes the asserted claims, 800 Adept cannot discern from the publicly available information the specific products currently used by each Defendant. In an effort to address Defendants' concerns regarding the need to meet their obligations under Local Patent Rules 3-3 and 3-4, 800 Adept agreed to identify currently known products that we believe infringe the asserted claims. Those products are: Targus IntelliRouting Express, Targus Location Express, Targus OnDemand TelePass and Targus OnDemand LocationID.[1] We are confident that each

---

[1] Defendants have indicated that they are using non-Targus products or other "new and substantially different" products than the Targus IntelliRouting Express and Targus Location Express products. If these "new and substantially different" products are derivatives of the Targus products, 800 Adept believes they also infringe the asserted claims of 800 Adept's patents either literally or under the doctrine of equivalents. For the non-Targus products that perform the same function as formerly used Targus products, 800 Adept also believes those products infringe the asserted claims either literally or under the doctrine of equivalents.



Jeff M. Barron
November 20, 2007
Page 2

Defendant will be able to determine for itself which product it is using and provide its invalidity contentions and disclosures based on that information. If Defendants feel they have been prejudiced as a result of the delay in receiving this additional information, 800 Adept will consider Defendants' request for additional time in which to provide its invalidity contentions, alleviating any such prejudice.

Regarding Defendants' requests that we include additional information in our infringement contentions such as whether infringement is alleged to be direct or indirect, and identification of the facts supporting the intent element of induced infringement, we see no provision in the Local Patent Rules requiring such disclosure.

In short, 800 Adept is diligently seeking to obtain the information necessary to provide more detailed infringement contentions. After that information is obtained, 800 Adept will provide the detail you seek. To that end, Defendants' attempts to block 800 Adept from taking the discovery needed will only hamper efforts to provide that information to Defendants as soon as possible. If Defendants continue to obstruct 800 Adept's efforts to obtain and analyze the relevant source code, it cannot be heard to complain if 800 Adept's amended infringement contentions are delayed.

If Defendants contend that the information provided in this letter is not sufficient to permit Defendants to make their Rule 3-3 or 3-4 disclosure, please identify your remaining concerns and we will continue to work to the extent possible to resolve Defendants' concerns.

Sincerely,

Lorrel A. Plimier

Cc:  Nicholas Patton, Esq.
     Michael Holley, Esq.
     Steven Maher, Esq.
     J. Brent Smith, Esq.
     Patricia Peden, Esq.
     David Bahler, Esq.
     Robert Chambers, Esq.
     Richard Clegg, Esq.
     Brett Cooper, Esq.
     Gerald Fellows, Esq.
     Natasha Moffitt, Esq.
     Steve Schaetzel, Esq.
     Stuart Smith, Esq.

Jeff M. Barron
November 20, 2007
Page 3

    Todd Vare, Esq.
    Kimberly Warshawsky, Esq.
    Elizabeth Weiswasser, Esq.
    Damon Young, Esq.