IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **800 ADEPT, INC., a Florida Corporation** § | | |
| § | | |
| v § | No. 5:07CV57 | |
| § | | |
| **ENTERPRISE RENT-A-CAR CO., et al.** § | | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendants' Motion to Enforce Local Patent Rules 3-1 and 3-2 (Docket Entry # 195) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

### I. BACKGROUND

800 Adept, Inc. ("Plaintiff") accuses Defendants' "geographic call routing services" of infringing U.S. Patent Nos. RE 36,111 ("'111 patent") and 5,805,689 ("'689 patent"). (First Amended Complaint at ¶¶ 25, 31). Defendants move the Court to enforce Rules 3-1 and 3-2 of the Patent Local Rules of the Eastern District of Texas ("Patent Rules"). Defendants request the Court strike Plaintiff's infringement contentions. Alternatively, Defendants assert Plaintiff should be held to its defective contentions and barred from expanding the scope of this case or asserting new infringement claims.

### II. APPLICABLE LAW

The Patent Rules for the Eastern District of Texas "demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Elec.*

*Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005). The Patent Rules require that Patent Infringement Contentions identify the "Accused Instrumentality" and be "as specific as possible." Specifically, the Patent Rules ("P.R.") require, among other things, that the plaintiff to identify early on in the lawsuit each patent claim that is allegedly infringed (*see* P.R. 3-1(a)), and separately for each of the asserted claims, to identify, as specifically as possible, each accused apparatus, produce, device, method, act, or other instrumentality of which the plaintiff is aware (*see* P.R. 3-1(b)). With the disclosure of asserted claims and infringement contentions under P.R. 3-1, the party claiming infringement must also produce to each opposing party or make available for inspection and copying specific documents (*see* P.R. 3-2).

### III. DISCUSSION

The Patent Rules require Plaintiff to serve infringement contentions prior to discovery that (1) identify "as specific as possible" Accused Instrumentalities for its infringement claims and (2) set forth, in Plaintiff's view, how those Accused Instrumentalities meet each claim element of each asserted claim of the '111 and '689 patents. *See* Patent Rule 3-1(a)-(c). Defendants assert Plaintiff's infringement contentions do not satisfy these requirements. According to Defendants, Plaintiffs' contentions repeat the same boilerplate for each of the seventeen Defendants. Specifically, for thirteen of the seventeen Defendants, Plaintiff identifies no accused "geographic call routing service." Plaintiff instead identifies one or more telephone numbers that it believes is associated with these thirteen Defendants. *See* Defendants' Exs. 2 ("Boston Market"); 3 ("Budget"); 4 ("DHL"); 5 ("Domino's"); 6 ("Enterprise"); 7 ("Farmers"); 8 ("Federal Express"); 9 ("Goodyear"); 10 ("Jenny Craig"); 11 ("LA Weight Loss"); 14 ("Showtime"); 15 ("Sylvan"); 17 ("UPS").

Defendants contend an identification of a telephone number is not an identification of an

Accused Instrumentality. Accordingly, Defendants assert there is no indication whether Plaintiff is accusing a present system associated with these telephone numbers, or an (unknown and unidentified) historical system, or both.  Defendants further assert Plaintiff's infringement contentions for the remaining Defendants—McLeod, Patriot, Tellme, and Vail—are similarly deficient because they fail to identify any specific service of any of these defendants that is accused of infringement. *See* Exs. 12 (McLeod); 13 (Patriot); 16 (Tellme); 18 (Vail).  Finally, to the extent that lack of discovery is ever a legitimate excuse for failure to provide proper infringement contentions, Defendants assert it is no excuse here because Plaintiff already has or could readily locate extensive information regarding Defendants' systems.

In support of their suggested remedy, that the Court strike Plaintiff's infringement contentions or bar Plaintiff from expanding the scope of its infringement contentions, Defendants rely on, among other cases, *Williams Wireless Technologies, Inc. v. Research in Motion Corp.,* 2007 WL 1932806 (E.D. Tex. 2007).  In *Williams Wireless*, the plaintiffs had represented to the court that they would provide amended infringement contentions, but then failed to do so. The court sanctioned plaintiffs for both their failure to satisfy Patent Rule 3-1 and their failure to comply with the court's order to revise their infringement contentions as the plaintiffs' had represented. *Id.* at *1. Thus, the court struck the plaintiffs' infringement contentions.  *Id.* at *2.

In order to be more specific in its infringement contentions, Plaintiff needs access to information, including software, that is not publicly available.  The Court finds Plaintiff has identified specific products and services by name, when such information was publicly available.[1]

---

[1] Although Defendants claim that Plaintiff has had access to information from the previous Florida litigation that it could have used to prepare more detailed infringement contentions, Plaintiff asserts information from the Florida litigation is either confidential,

Specifically, in its infringement contentions, Plaintiff conveyed the following information: McLeodUSA's services are marketed under the names "McLeodUSA Enhanced Toll Free," and "Advanced Call Routing." Patriot's services are marketed under the names "Enhanced Routing Services," "Interactive Voice Response," "Click2Locate," and "Thumbprint Media." Vail's services are marketed under the names "Vail Call Routing," "Vail Speech Locator," and "Vail Voice Hosting."

Plaintiff is seeking discovery to obtain the information necessary to provide more detailed infringement contentions. Plaintiff states it has sought source code from third party Targus and has served an interrogatory on Defendants seeking the identification of third parties contracted with and the products used for call routing and/or identification of nearby service locations. Plaintiff has agreed to seek leave to amend its infringement contentions after receipt of the discovery necessary for providing more detailed contentions. But the time for following through on this representation has yet to arise. Plaintiff must first receive the requested discovery to enable it to amend its contentions. Plaintiff can then seek leave of Court to amend the contentions and provide such amendments in the event leave is granted.

In sum, Plaintiff is in compliance with Patent Rule 3-1 as it has produced preliminary infringement contentions that are as specific as possible considering the information known to Plaintiff. Plaintiff is aware that Defendant desires more specific contentions and has sought

---

irrelevant, or too general to aid in creating more specific infringement contentions. This is especially true, according to Plaintiff, given the fact that Defendants have stated that they are either no longer using products at issue in the Florida case or they are using "new and substantially different" Targus products. In either case, there would be no information about these products found in the record from the Florida litigation.

discovery from Defendants to aid in producing more specific preliminary infringement contentions. After receiving Defendants' responses and more detailed information becomes available, Plaintiff represents it will promptly seek leave of Court to amend its contentions.

Based on the foregoing, it is

**ORDERED** that Defendants' Motion to Enforce Local Patent Rules 3-1 and 3-2 (Docket Entry # 195) is **DENIED**.

**SIGNED this 20th day of February, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE