IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **800 ADEPT, INC.** § | | |
| Plaintiff § | | |
| § | | |
| V. § | No. 5:07CV23 | |
| § | | |
| **AT&T MOBILITY, LLC, ET AL.** § | | |
| Defendants § | | |

| | | |
|---|---|---|
| **800 ADEPT, INC.** § | | |
| Plaintiff § | | |
| § | | |
| V. § | No. 5:07CV57 | |
| § | | |
| **ENTERPRISE RENT-A-CAR,** § | | |
| **COMPANY, ET AL.** § | | |
| Defendants § | | |

## ORDER

By Order dated May 8, 2008, the Court proposed Mr. Richard Egan to serve as a technical advisor in the above-referenced cause of action. The parties were given five days to lodge any objections to Mr. Egan's serving as technical advisor. No objections have been filed. Based on this Court's experience with patent litigation and for the reasons stated in the Court's Order of May 8, 2008, the Court is convinced of the necessity of a technical advisor, and the Court appoints Richard Egan to that role. Therefore, the Court hereby

**APPOINTS** Mr. Egan as its technical advisor in this action, according to the terms and conditions set forth below. The Court does so because of its conviction that this case in its scientific complexity is one of those rare "extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States,* 863 F. 2d 149, 156 (2d

Cir. 1988).

Mr. Egan shall serve as the Court's technical advisor and examine the patents in suit, the pertinent briefs, and any evidence submitted in the claim construction process with an eye toward tutoring the Court in the technology involved in the patents. He shall also assist the Court in the preparation of the Report and Recommendation construing the claims and act as a sounding board for the Court. This will enable the Court to place the legal questions of claim construction in context given the technology at issue. Moreover, the Court may call upon Mr. Egan's expertise in the technology at issue should discrete issues arise before or after the claim construction process. He will not contribute evidence, but will be limited to assisting the Court in the manner described above.

In accepting this engagement, Mr. Egan has affirmed to the Court that he is a neutral third party in regard to this action, that he has no ideological, financial or professional interest in the outcome of the litigation, and that he will respond to questions concerning technical or scientific terminology or theory in a manner consistent with his best understanding of relevant generally accepted scientific knowledge. Mr. Egan further has affirmed that he has never had, does not presently have, and does not anticipate entering into any future financial, business or personal relationship with any of the litigants, including stock ownership, grant money, consulting contracts or employment, and will not do so while this action is pending. Nor will he use or seek to benefit from any confidential information that he may acquire in the course of this employment.

Mr. Egan further affirms that he has never had, does not presently have, and does not anticipate entering into any future financial, business or personal relationship with any of the litigants, including stock ownership, grant money, consulting contracts or employment, and will not do so while this action is pending, other than one previous occasion wherein Mr. Egan served as an

expert witness for an affiliate of AT&T that concluded in 2006, which all parties have been notified about and none object.

Should Mr. Egan become aware of any conflict or potential conflict, he has agreed to inform the Court immediately. In such event, the Court will inform the parties, and either seek their comments or terminate Mr. Egan's engagement *sua sponte*.

Mr. Egan has agreed that his communications with the Court and any information shown or provided to him by the Court in connection with this litigation are to be treated as confidential. This requirement of confidentiality shall not apply to the fact of his engagement, the amount of any compensation he is paid, information available in public records, or any other matter specified in writing by the Court. Mr. Egan has further agreed that he will not engage in any independent investigation of the underlying litigation, provide evidence to the Court, or contact any party or witness in this action. The Court will identify for the parties any materials used by Mr. Egan in providing advice to the Court other than those submitted by the parties or those upon which a person versed in the relevant field of knowledge would be reasonably expected to rely. The parties, including their experts and consultants, are ordered not to have any communication with Mr. Egan except in the presence of the Court. Should any party contact Mr. Egan (except to provide payment as set forth below) or should any person seek to communicate with him about the substantive issues involved in this litigation, he will inform the Court immediately of all facts and circumstances concerning such contact.

The parties have been advised that, consistent with the nature of his engagement, the Court anticipates having direct *ex parte* communications with Mr. Egan. Should the Court, however, ask Mr. Egan to prepare any written submission to the Court, a copy of any such submission will be

provided to the parties (except written comments by Mr. Egan on drafts of the Court's own opinions). Should any party believe that any such written submission contains errors of fact that party may so advise the Court in writing.

Mr. Egan shall keep track of his time and submit a monthly statement to the Court showing the hours expended. Plaintiff is directed to pay one-half of Mr. Egan's compensation and Defendants are directed to pay one-half of Mr. Egan's compensation, at a total rate of $390 per hour for time spent reviewing materials at the Court's request as well as providing direct consultation to the Court. Payments shall be made within 45 days after receipt by the parties of copies of Mr. Egan's billing statements approved by the Court. The Court taxes such costs to the parties pursuant to its inherent power to do so in the interest of promoting the efficient conduct of this complex litigation. *See Two Appeals (San Juan Dupont Plaza Hotel Fire Litig.)*, 994 F.2d 956 (1st Cir. 1994).

Mr. Egan will execute an affidavit indicating his understanding of this Order prior to beginning his engagement.

As soon as possible, the parties shall overnight courtesy copies of all claim construction briefing to Mr. Egan at 1101 S. Capital of Texas Highway, Building C, Suite 200, Austin, Texas 78746.

**IT IS SO ORDERED**.

**SIGNED this 16th day of May, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE